# Illinois Official Reports

## Appellate Court

---

### *BAC Home Loans Servicing, LP v. Pieczonka*, 2015 IL App (1st) 133128

---

| | |
|---|---|
| Appellate Court Caption | BAC HOME LOANS SERVICING, LP, f/k/a Countrywide Home Loans Servicing, LP, Plaintiff-Appellee, v. JACEK PIECZONKA, a/k/a Jacob Pieczonka, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-13-3128 |
| Filed | January 14, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's dismissal of defendant's motion to quash service of a complaint to foreclose the mortgage on the home where he lived was affirmed, regardless of his contention that substitute service of process on him did not strictly comply with the statutory requirements, since defendant did not contest that, contrary to section 15-1505.6 of the Code of Civil Procedure, more than 60 days elapsed between the filing of his initial and additional appearances in the case and the date he filed his second motion to quash service of process, and, therefore, the motion to quash was untimely. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-41048; the Hon. Alfred M. Swanson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Charles Aaron Silverman, of Charles Aaron Silverman PC, of Chicago, for appellant.

Phil Schroeder, of Pierce & Associates, PC, of Chicago, for appellee.

Panel

JUSTICE LAVIN delivered the judgment of the court, with opinion. Presiding Justice Pucinski and Justice Mason concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Jacek Pieczonka, also known as Jacob Pieczonka, appeals the judgment of the circuit court of Cook County denying his motion to quash service of process of a complaint to foreclose the mortgage on the home in which he lived. Defendant contends that the court erred in denying that motion because the record shows that substitute service of process on him did not strictly comply with the statutory requirements. He thus requests that we reverse the court's order and remand for further proceedings.

¶ 2    The pleadings in the common law record show that on September 22, 2010, BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, filed a complaint to foreclose the mortgage that was executed in December 2013 between defendant and Countrywide Home Loans on the property commonly known as 3631 West 65th Street, Chicago, Illinois. Special process server Gary Somerville submitted a sworn affidavit indicating he served process on defendant "Jacek Pieczonka AKA Jacob Pieczonka" on September 24, 2010. Therein he averred, *inter alia*, that he served defendant via substitute service at his usual place of abode, 3631 West 65th Street, Chicago, Illinois, by leaving a copy of the summons and complaint with co-resident Jacob Pieczonka, who was over the age of 13, and informing him of the contents of those documents. Somerville described Jacob as a white male, age approximately 51 to 55 years old, and averred that he spoke limited English but stated the defendant did live in the house, but was not at home.

¶ 3    The common law record further shows that defendant failed to appear and/or file a responsive pleading in this case and that on October 16, 2012, an order of default was entered against him. A judgment of foreclosure and sale of the home was entered on that same date.

¶ 4    On January 30, 2013, defendant filed an appearance through his attorney and on February 6, 2013, filed a motion to quash service. In his motion, defendant argued, *inter alia*, that he was not served at his usual place of abode, as required by section 2-203(a)(2) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-203(a)(2) (West 2012)). In support of his motion, defendant attached an affidavit that he represented was his affidavit and that was in the name of Jakub M. Pieczonka. Defendant averred that he was never given a summons and complaint in this case, that in September 2010, his place of residence was 1716 Norwood Avenue in Itasca, Illinois, and that he is currently 30 years of age, but was 28 years old in September 2010. Defendant also attached a lease reflecting that Jakub Pieczonka was listed as an

occupant in an apartment located at 1716 Norwood Avenue in Itasca, Illinois, from February 2010 through February 2011.

¶ 5    On February 20, 2013, a different attorney filed an appearance on behalf of defendant, and on March 28, 2013, defendant filed a motion to substitute that attorney for the attorney who was listed on the first appearance filed on his behalf. In that motion, defendant stated that the law firm that originally represented him had broken up and that he was seeking to be represented by a former partner at that firm.

¶ 6    On April 11, 2013, defendant voluntarily withdrew his motion to quash service. On April 22, 2013, defendant filed an amended motion to quash service wherein he argued that pursuant to Somerville's service affidavit, service was not effected on him but, rather, on someone named Jacob Pieczonka. Defendant maintained that "Jacob" or "Jakub" was a common name, which could refer to his son. Defendant further argued that substitute service on him was improper in that it did not strictly comply with section 2-203(a)(2) of the Code (735 ILCS 5/2-203(a)(2) (West 2012)) because the person whom Somerville served did not live at defendant's usual place of abode. In support thereof, defendant attached the same affidavit from Jakub Pieczonka that had been attached to his original motion to quash, as well as the same lease. However, defendant no longer purported to be Jakub Pieczonka.

¶ 7    On July 8, 2013, the circuit court denied defendant's motion to quash service. The property was sold on the following day, and the sale was confirmed on September 13, 2013. Defendant now appeals from that denial order, and our review is *de novo*. *U.S. Bank, N.A. v. Dzis*, 2011 IL App (1st) 102812, ¶ 13.

¶ 8    Pursuant to section 2-203(a)(2) of the Code, substitute service of process upon a defendant may be made by leaving a copy of the summons at defendant's usual place of abode with some person of the family or a person residing there, of the age of 13 or upwards, and informing that person of the contents of the summons. 735 ILCS 5/2-203(a)(2) (West 2012); *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 309-10 (1986). The affidavit of service of the person making substituted service must show strict compliance with each of these statutory requirements. *Id.* at 309.

¶ 9    Defendant maintains that the statutory requirements of section 2-203 of the Code were not strictly complied with in this case and therefore he was not properly served via substitute service. Specifically, he contends (1) that the service affidavit makes no mention of having served a member of defendant's family, and (2) that the service affidavit's veracity is called into question by Jacob's affidavit,[1] particularly on the issue of whether Jacob was a co-resident at defendant's home where service took place. He thus maintains that Jacob's affidavit created an issue of fact as to service of process which should have been resolved by the trial court and thus the court lacked jurisdiction over him.

¶ 10   Plaintiff argues that defendant's motion to quash service of process was time-barred by section 15-1505.6 of the Code, which provides as follows:

> "(a) In any residential foreclosure action, the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an

---

[1]Defendant refers to "Jacob's affidavit," but the record shows that the only affidavit attached to his motion to quash is in the name of "Jakub Pieczonka."

appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance.

(b) In any residential foreclosure action, if the objecting party files a responsive pleading or a motion (other than a motion or an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/15-1505.6(a), (b) (West 2012).

Plaintiff maintains that subsections (a) and (b) are both applicable to the case at bar. Because we find that subsection (a) applies here, we need not determine whether subsection (b) applies as well.

¶ 11    In construing and applying a statute, a court's primary objective is to give effect to the legislature's intent and that intent is best discerned by looking to the plain language employed in the statute. *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907, ¶ 47. Where a statute's language is clear and unambiguous, it should be applied as written. *Id.*

¶ 12    Here, defendant concedes that section 15-1505.6 of the Code clearly and unambiguously imposes a 60-day deadline for the filing of motions to quash service of process from the time a defendant files an appearance. Defendant filed an appearance in this case on January 30, 2013, and filed the motion to quash at issue 82 days thereafter, on April 22, 2013. Not only is this clearly beyond the 60-day specified statutory time frame, but the record shows that defendant did not seek or obtain an extension of that time frame for good cause shown, as would be allowed pursuant to the statute. Moreover, defendant's motion to quash is also untimely even if we were to begin calculating the time elapsed from February 20, 2013, the date a different attorney filed an additional appearance on behalf of defendant, given that 61 days elapsed between that date and April 22, 2013, the date he filed his second motion to quash service of process. Pursuant to the plain and unambiguous language of section 15-1505.6(a), we find that defendant's motion to quash was untimely and was thus properly dismissed. 735 ILCS 5/15-1505.6(a) (West 2012); *Poris*, 2013 IL 113907, ¶ 47.

¶ 13    Defendant does not contest that 82 and 61 days, respectively, elapsed between the filing of his initial and additional appearance in this case and the date he filed his second motion to quash service of process. He maintains, however, that his motion was not time-barred because he filed his initial motion to quash service of process on February 6, 2013, which was only seven days after he filed his initial appearance in this case. Be that as it may, the fact remains that he voluntarily withdrew that motion on April 11, 2013. Accordingly, the date he filed that motion is not at issue, but rather, the date he filed the second motion to quash, which is the subject of this appeal, and thus defendant's argument fails.

¶ 14    We note that a copy of defendant's motion to withdraw his motion to quash service of process is not included in the record on appeal, nor does the record include a transcript of the proceedings that were held on the date that motion was granted. However, there is no indication in the record that defendant requested leave to amend his motion to quash service of process or that he requested an extension of time to file a motion to quash. The trial court's order granting defendant's motion to withdraw his motion to quash service of process did not include language indicating that defendant had made any such requests but, rather, merely stated that defendant's motion to withdraw his motion to quash service was granted.

¶ 15     Because we find that defendant's motion to quash service of process was untimely, we need not address the merits of his arguments regarding the propriety of substitute service in this case.

¶ 16     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17     Affirmed.