# Illinois Official Reports

## Appellate Court

---

### *Bank of New York Mellon v. Laskowski*, 2017 IL App (3d) 140566

---

| | |
|---|---|
| Appellate Court Caption | THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-2CB Mortgage Pass-Through Certificates, Series 2006-2CB, Plaintiff-Appellee, v. MARK E. LASKOWSKI, a/k/a Mark Edward Laskowski; THE BANK OF COMMERCE; PACIFIC REALTY GROUP, LLC; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, Defendants (Pacific Realty Group, LLC, Defendant-Appellant). |
| District & No. | Third District<br>Docket No. 3-14-0566 |
| Filed | January 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CH-3572; the Hon. Thomas A. Thanas, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Matthew E. Gurvey, of Law Offices of Matthew E. Gurvey, P.C., of Chicago, for appellant.<br><br>Michele D. Dougherty, of Shapiro Kreisman & Associates, LLC, of Chicago, and Meredith Pitts, of Heavner, Beyers & Mihlar, LLC, of Decatur, for appellee. |

Panel                            JUSTICE CARTER delivered the judgment of the court, with opinion.
Justice Wright concurred in the judgment and opinion.
Presiding Justice Holdridge dissented, with opinion.

## OPINION

¶ 1       Plaintiff, the Bank of New York Mellon (Bank), in its capacity as the trustee for the certificate holders of a certain alternative loan trust, brought an action against defendant Pacific Realty Group, LLC (Pacific) and others to foreclose upon a mortgage held on certain real property in Bolingbrook, Will County, Illinois. Well into the proceedings, after the subject property had already been sold at a sheriff's sale, Pacific filed its appearance in the case. On that same court date, the trial court entered a dismissal for want of prosecution (DWP) against the Bank for failing to appear. The DWP was later vacated. About 90 days after Pacific had filed its appearance, it filed a motion to quash service of process. The trial court denied Pacific's motion and later confirmed the sale of the property and the proposed distribution of the proceeds. Pacific appeals, arguing that the trial court erred in denying its motion to quash service of process. We affirm the trial court's judgment.

¶ 2                                       FACTS

¶ 3       On June 11, 2010, the Bank filed a complaint for mortgage foreclosure in the instant case. Among other things, the complaint alleged or indicated that (1) Mark Laskowski was the record owner of the subject property; (2) Laskowski had borrowed a certain sum from Cornerstone Mortgage, LLC, in December 2005 and had signed a note to that effect; (3) the debt was secured by a mortgage on the subject property; (4) Laskowski had failed to make monthly mortgage payments since December 2008 and was in default on the mortgage; (5) the Bank was the legal holder of the note and the mortgage; and (6) Pacific may have had some interest in the subject property as the result of a "Memorandum and Affidavit of Equitable Interest," which was recorded in December 2008. A copy of the note and the mortgage were attached to the complaint. The summons that was issued when the complaint was filed indicated that service was to be made on Pacific by publication.

¶ 4       In July 2010, the Bank's attorney filed an affidavit for service by publication on Pacific. In the affidavit, the Bank's attorney certified that upon diligent inquiry, Pacific could not be found so that process could be served upon it. Along with other documents that were filed later that month was an affidavit of due and diligent search. The affidavit had been subscribed and sworn on June 16, 2010. In the affidavit, the affiant averred that he had made a due and diligent search but was unable to locate the "residence" of Pacific. In attempting to find an address for service of process upon Pacific, the affiant had conducted a search of the directory assistance records but had found no telephone number listed for Pacific in Will County, Illinois. The affiant also had conducted a search of the Illinois Secretary of State records but had found no listing for Pacific. Pacific was then served by publication. A certificate of publication was later filed in the court file.

¶ 5       After service by publication was made, Pacific did not appear in court or otherwise respond to the complaint for foreclosure. In July 2012, the trial court entered an order of default and a

judgment of foreclosure and sale in the Bank's favor. In the judgment, the trial court specifically found that service of process was properly made. The subject property was sold at a sheriff's sale in February 2013.

¶ 6 In April 2013, the Bank filed a motion for an order approving the report of the sale of the property and the proposed distribution of the proceeds and also for an order of possession. The motion was noticed up for April 18, 2013. On that date, the attorney for Pacific appeared in court and filed his appearance. However, because neither a representative for the Bank nor the Bank's attorney was present in court for the scheduled court date, the trial court, on its own motion, dismissed the case for want of prosecution.

¶ 7 The following month, in May 2013, the Bank's attorney filed a motion to vacate the DWP, stating that the attorney had inadvertently failed to appear in court on the April court date due to a scheduling error. The Bank's motion was granted on May 30, 2013, and the case was reinstated. The order granting the Bank's motion indicated that the DWP was entered in error. The order also indicated that Pacific's attorney was being granted leave to file his appearance.

¶ 8 Following the reinstatement of the case, on July 18, 2013, Pacific filed a motion to quash service of process and for certain other relief. The motion was later amended. In the motion, Pacific alleged that it was a foreign limited liability company registered in New Mexico and that it did not have a registered agent in Illinois. Pacific alleged further that service by publication was improper in this case because the service did not comply with the requirements of the Limited Liability Company Act (805 ILCS 180/1-50 (West 2010)).

¶ 9 In May 2014, a hearing was held on Pacific's motion to quash service of process. By the time of the hearing, the parties had fully briefed the issues that had been raised before the trial court. After listening to the oral arguments of the attorneys, the trial court denied Pacific's motion to quash service. In doing so, the trial court found that the motion was untimely because it had not been filed within 60 days of the first appearance date as required by statute and that the motion lacked merit because service by publication in this case was proper and in compliance with the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2010)). The trial court subsequently entered an order approving the report of the sheriff's sale and the proposed distribution of the proceeds. Pacific appealed.

¶ 10                                                            ANALYSIS

¶ 11 On appeal, Pacific argues that the trial court erred in denying its motion to quash service of process. Pacific asserts that the trial court's erroneous ruling was based upon two incorrect findings: (1) that the motion to quash service of process was untimely and (2) that the service by publication in this case was proper. We address only the first assertion because it is dispositive of the issue before us. As to that particular assertion, Pacific contends that the 60-day time period for filing a motion to quash service in a mortgage foreclosure action (see 735 ILCS 5/15-1505.6(a) (West 2012)) is tolled during the time period that a DWP is in effect.[1] The Bank disagrees with that contention and asserts that the trial court's finding of

---

[1] In its reply brief, Pacific attempts to change its argument somewhat and to assert that its appearance was not effective until May 30, 2013, when the trial court granted it leave to file the appearance. However, because Pacific did not make that argument in its initial brief on appeal, that argument is forfeited and will not be considered. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); *Cain v. Joe Contarino, Inc.*, 2014 IL App (2d) 130482, ¶ 56.

untimeliness was proper. The Bank argues, therefore, that the trial court's denial of Pacific's motion to quash service of process should be affirmed.

¶ 12 The issue of whether the trial court obtained personal jurisdiction over a party is subject to *de novo* review on appeal. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. The same is true as to a question of statutory construction, which is also involved in this case. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 50.

¶ 13 The statute at issue in this case, section 15-1505.6(a) of the Foreclosure Law, provides a 60-day time period for the filing of a motion to quash service of process in a mortgage foreclosure case, as follows:

> "In any residential foreclosure action, the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance." 735 ILCS 5/15-1505.6(a) (West 2012).

¶ 14 In the present case, Pacific did not file its original motion to quash service of process until July 18, 2013, approximately 90 days after it had filed its initial appearance in this case on April 18, 2013. The question before this court, then, is whether the statutory 60-day time period was tolled while the DWP was in effect from April 18, 2013, through May 30, 2013, so as to make Pacific's motion to quash service of process timely filed. That question is one of statutory construction.

¶ 15 The principles of statutory construction are well established. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Gaffney*, 2012 IL 110012, ¶ 56. The most reliable indicator of that intent is the language of the statute itself. *Id.* In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009); 5 ILCS 70/1.01 (West 2014) (in construing a statute, "[a]ll general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out"). If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory construction. *Gaffney*, 2012 IL 110012, ¶ 56. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Id.*

¶ 16 In the instant case, section 15-1505.6(a) is clear and unambiguous. In a straightforward manner, it provides a 60-day time period for the filing of a motion to quash service of process in a mortgage foreclosure action. See 735 ILCS 5/15-1505.6(a) (West 2012). The 60-day time period begins to run on the date that the moving party filed an appearance or on the date that the moving party participated in a hearing without filing an appearance, whichever comes first. See *id.* Although no exceptions are listed in the statute, the statute does allow the trial court to extend the 60-day time period for good cause shown. See *id.* In the present case, however, Pacific did not seek such an extension. Under the plain and unambiguous language of the statute, therefore, Pacific's motion to quash service of process was not timely filed. See *id.*; *BAC Home Loans Servicing, LP v. Pieczonka*, 2015 IL App (1st) 133128, ¶ 12 (motion to quash service of process was properly denied as untimely); *U.S. Bank Trust, N.A. v. Colston*,

2015 IL App (5th) 140100, ¶ 20 (defendant's waived their objections to personal jurisdiction by participating in the case and by failing to file a motion to quash service of process within 60 days). The statute does not provide an exception that tolls the 60-day time period when a DWP is in effect, and we cannot read such an exception into the plain language of the statute. See *Gaffney*, 2012 IL 110012, ¶ 56. We, therefore, reject Pacific's argument on this issue.

¶ 17    Having determined that Pacific's motion to quash service of process was untimely, we must conclude that Pacific's motion was properly denied by the trial court. See *Pieczonka*, 2015 IL App (1st) 133128, ¶ 12; *Colston*, 2015 IL App (5th) 140100, ¶ 20. We need not address, therefore, whether the service by publication on Pacific in this case was proper.

¶ 18                                  CONCLUSION

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 20    Affirmed.

¶ 21    JUSTICE HOLDRIDGE, dissenting.

¶ 22    I dissent. Section 15-1505.6(a) of the Illinois Mortgage Foreclosure Law prescribes a 60-day deadline for a defendant to file a motion to quash service of process in "any residential foreclosure action." 735 ILCS 5/15-1505.6(a) (West 2012). In my view, both the plain terms of the statute and fundamental principles of fairness and common sense suggest that this deadline should run only where there exists a *pending action*. In this case, defendant Pacific filed its initial appearance on April 18, 2013. On that same day, however, the trial court dismissed the case for want of prosecution because the plaintiff Bank failed to appear. The case was reinstated on May 30, 2013, and Pacific filed its motion to quash service of process fewer than 60 days later. Thus, in my view, Pacific's motion to quash was timely under section 15-1505.6(a). In determining whether Pacific's motion was timely filed, we cannot count the time that passed while the case was dismissed for want of prosecution because, during that time period, there was no pending case. Thus, no motion to quash service could have been filed at that time.

¶ 23    In *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207 (2007), our supreme court reached a similar conclusion while applying a different statute. In *Case*, the supreme court held that the time that elapses between the voluntary dismissal of a plaintiff's complaint and its refiling pursuant to section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)) may not be considered by a court when ruling on a motion to dismiss for failure to exercise reasonable diligence to obtain service on a defendant under Illinois Supreme Court Rule 103(b) (eff. July 1, 1997). *Case*, 227 Ill. 2d at 222. The court reasoned that "[t]he requirement of a pending action against which to measure diligence is rooted in simple logic. If an action is dismissed, and not pending, there is no reason to serve a defendant with process. As such, there is nothing to delay, and nothing to be diligent about." *Id.* at 217. The same reasoning should apply here. While the foreclosure action at issue here was dismissed, and not pending, there was no reason for Pacific to contest service (and no way for it to do so). Thus, the 60-day deadline for contesting service could not have applied during that period. When the case was reinstated on May 30, the trial court gave Pacific the opportunity to file another appearance. In my view, the 60-day deadline for challenging service began to run from that date forward.

Because the defendant filed its motion to quash service 49 days after the case was reinstated, it should be deemed timely under section 15-1505.6(a).[2]

¶ 24     The contrary rule applied by the majority in this case could, in my view, lead to inequitable results. For example, a foreclosure plaintiff could effectively insulate itself from any motion to quash service under section 15-1505.6(a) by voluntarily dismissing the action on the date the defendant files its initial appearance (or shortly thereafter) and then refiling the action more than 60 days later. Under such circumstances, the defendant would be deprived of the opportunity to challenge service, even if it engaged in no delay and even if it were prepared to file a motion to quash service within 60 days of filing its initial appearance, as contemplated by section 15-1505.6(a). Because the statute does not countenance such an unfair result, I dissent. In my view, the majority should have addressed the merits of Pacific's appeal.

---

[2]Arguably, in determining whether a motion to quash service is timely under section 15-1505.6(a), the time that passes between the defendant's initial appearance and the dismissal of the action should be counted, as would any time passing after the case is reinstated. See generally *Muskat v. Sternberg*, 122 Ill. 2d 41, 49 (1988). However, even if that were the case, it would not aid the Bank in this case. Here, the case was dismissed for want of prosecution on the same day that Pacific filed its initial appearance. Thus, only the time that elapsed after the case was reinstated should be counted.