NOTICE

Decision filed 03/27/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220510-U

NO. 5-22-0510

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| JOSEPH T. GOODRICH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-L-52 |
| | ) | |
| GOOD SAMARITAN REGIONAL HEALTH | ) | |
| CENTER, d/b/a SSM Health Good Samaritan | ) | |
| Hospital – Mt. Vernon, | ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court's order dismissing the plaintiff's complaint is affirmed. The plaintiff waived arguments he presented on appeal by not making those claims to the circuit court.

¶ 2     The plaintiff, Joseph T. Goodrich, appeals the July 19, 2022,[1] order of the circuit court of Jefferson County which dismissed his complaint against the defendant, Good Samaritan Regional Health Center, d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon (Hospital). For the following reasons, we affirm the circuit court's dismissal of the complaint.

---

[1]The circuit court made a docket entry ruling on June 28, 2022, granting the defendant's motion to dismiss and indicated a written order was to follow. The written order was not filed until July 19, 2022. Pursuant to Illinois Supreme Court Rule 272 (eff. Jan. 1, 2018), the plaintiff's notice of appeal was timely.

1

¶ 3                                    I. BACKGROUND

¶ 4      In July 2021, the plaintiff was employed by the Hospital as a security officer. On or about July 12, 2021, the Hospital implemented a policy that required employees to obtain a COVID-19 vaccination. The plaintiff requested, and was granted, an exemption to the COVID-19 vaccination requirement due to his sincerely held religious belief.

¶ 5      On September 3, 2021, Illinois Governor J.B. Pritzker issued an executive order which set forth certain requirements for health care facilities and their employees. The executive order included a requirement that all health care workers, which the parties agree included the plaintiff, have received, at a minimum, the first dose of a two-dose COVID-19 vaccine series or a single-dose COVID-19 vaccine by September 19, 2021. Further, if a health care worker was not fully vaccinated against COVID-19, they were required to undergo weekly testing for COVID-19 until such time as they became fully vaccinated. The executive order also stated, "Health Care Facilities shall exclude Health Care Workers who are not fully vaccinated against COVID-19 from the premises unless they comply with the testing requirements specified in Subsection (d)."

¶ 6      On September 25, 2021, the plaintiff was informed that he would not be allowed to continue his scheduled work shift and was escorted off the premises. On September 28, 2021, the plaintiff received correspondence from the Hospital that indicated that all employees of the Hospital who were unvaccinated must submit themselves for COVID-19 testing. Because the plaintiff would not consent to the required COVID-19 testing, his employment with the Hospital was terminated.

¶ 7      On December 16, 2021, the plaintiff filed his verified two-count complaint against the defendant. Count I sought damages pursuant to the Health Care Right of Conscience Act (Act) (745 ILCS 70/12 (Wets 2020)). The plaintiff alleged the Act "protects 'all persons who refuse to

2

obtain, receive or accept ... health care services and medical care' because of matters of conscience." The plaintiff contended his termination from his employment for failure to submit to COVID-19 testing was protected by this Act.

¶ 8        Count II of the complaint was titled "Unlawful Termination for Failure to Submit to Emergency Use Authorization Products." The only law cited in count II was to the federal Food, Drug, and Cosmetic Act. The defendant removed the action to federal court pursuant to the allegations contained in count II. The federal court dismissed count II of the complaint and declined to assert supplemental jurisdiction over count I. The matter was remanded to the circuit court.

¶ 9        Following the return of this matter to the circuit court, on June 6, 2022, the defendant filed a motion to dismiss and supporting memorandum of law. The motion to dismiss was filed pursuant to "Illinois Code of Civil Procedure 735 ILCS 5/2-615 and/or 735 ILCS 5/2-619(a)(9)." The motion to dismiss stated as follows:

"1. Plaintiff's Complaint is before this Court upon remand from the United States District Court for the Southern District of Illinois ('Federal District Court'). Plaintiff's Complaint was originally pled in two counts. On May 23, 2022, the Federal District Court dismissed Count II of Plaintiff's Complaint, declined to exercise supplemental jurisdiction over Count I, and remanded Count I to this Court for resolution.

2. Count I of Plaintiff's Complaint purports to state a claim under the Illinois Health Care Right of Conscience Act. 745 ILCS 70/1, *et seq.*

3. Count I of Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted because the clarifying amendment to the Illinois Health Care Right of Conscience Act expressly precludes an employee from bringing a cause of

3

action against an employer based on the employer's actions taken in response to the COVID-19 pandemic. 745 ILCS 70/13.5; Exec. Order No, 2021-22 (Sept. 3, 2021) (as amended and extended). Alternatively, the clarifying amendment serves as an affirmative bar to the relief sought by Plaintiff and, accordingly, Count I of Plaintiff's Complaint should be dismissed."

The memorandum of law in support of the motion to dismiss contained the clarifying amendment referenced in the motion. The clarifying amendment was contained in a new section of the Act, section 13.5, which became effective on June 1, 2022, and which stated as follows:

"It is not a violation of this Act for any person or public official, or for any public or private association, agency, corporation, entity, institution, or employer, to take any measures or impose any requirements, including, but not limited to, any measures or requirements that involve provision of services by a physician or health care personnel, intended to prevent contraction or transmission of COVID-19 or any pathogens that result in COVID-19 or any of its subsequent iterations. It is not a violation of this Act to enforce such measures or requirements. This Section is a declaration of existing law and shall not be construed as a new enactment. Accordingly, this Section shall apply to all actions commenced or pending on or after the effective date of this amendatory Act of the 102nd General Assembly. Nothing in this Section is intended to affect any right or remedy under federal law." 745 ILCS 70/13.5 (West Supp. 2021).

¶ 10    On June 21, 2022, the plaintiff filed his response to defendant's motion to dismiss, which stated, in its entirety, as follows:

"1) Plaintiff admits the allegations of Paragraph 1.

2) Plaintiff admits the allegations of Paragraph 2.

4

3) Plaintiff denies the allegations of Paragraph 3. It is unlikely the Illinois courts will uphold the amendments of the Illinois Health Care Right of Conscience Act regarding COVID-19 requirements because the amendment says, 'This Section is a declaration of existing law and shall not be construed as a new enactment.' There was no existing law at the time that the statute was amended that would allow discrimination on the basis of beliefs of conscience concerning COVID-19 measures. Further, if the amendment to the statute were valid on its face, it would face constitutional challenges in state court under the Illinois Constitution."

¶ 11 A hearing on the motion to dismiss was held on June 28, 2022.[2] Following arguments of counsel, the circuit court granted the motion to dismiss. The circuit court's docket entry of June 28, 2022, stated: "Hearing on motion to dismiss conducted. Motion to dismiss granted. Written order to enter."

¶ 12 On July 15, 2022, the plaintiff filed a notice of claim of unconstitutionality pursuant to Illinois Supreme Court Rule 19 (eff. Sept. 1, 2006), which stated:

"The statute is unconstitutional because it violates the equal protection clause, freedom of religion, and due process. In addition, the amendment violates the plain language of the statute because the change says it is not amending the statute but then presumes to say what the statute intended toward COVID-19, even though the statute was passed before COVID-19 occurred."

On July 19, 2022, the circuit court entered a written order that granted the defendant's motion to dismiss. Neither the circuit court's docket entry nor the written order indicated whether the action was dismissed pursuant to section 2-615 or 2-619.

---

[2]There was no report of proceedings filed as part of the record on appeal in this matter.

¶ 13    The plaintiff filed his notice of appeal on August 10, 2022. On appeal, the plaintiff contends that section 13.5 of the Health Care Right of Conscience Act (745 ILCS 70/13.5 (West Supp. 2021)) is unconstitutional under the Illinois and United States Constitutions. The plaintiff alleges that the "recently enacted statute violated the free exercise clauses of the Illinois and United States Constitutions. Further, the statute is so vague and ambiguous as to render it meaningless, or in the alternative, it violates the separation of powers doctrine."

¶ 14                                    II. ANALYSIS

¶ 15    At the outset, we note there is some confusion on behalf of the plaintiff as to the scope of this appeal. Illinois Supreme Court Rule 303(b)(2) requires that the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017).

¶ 16    In this case, the plaintiff is appealing from the circuit court's order of July 19, 2022. The entirety of that order stated as follows:

> "This matter is before the Court on Defendant's Motion to Dismiss. The matter having been called on June 28, 2022, and the parties, by and through their respective counsel, having been heard, the Court hereby **GRANTS** Defendant's Motion to Dismiss." (Bold in original.)

The plaintiff's appellate brief contends the issue presented for review by this court is:

> "Whether 745 ILCS 70/13.5 violates the Illinois and US Constitutions' Free Exercise Clauses because it is not neutral to religion and is not generally applicable and does not pass the strict scrutiny necessary to show compelling governmental interest and narrow application; and whether the statute is impermissibly vague by claiming to be statement of existing law when there is no such existing law, or in the alternative, the

6

legislation is violating the doctrine of separation of powers by attempting to end-run around the judicial branch."

Further, demonstrating the misapprehension of the scope of the present appeal, the plaintiff's appellant brief states, "The standard of review regarding the constitutionally of a statute is *de novo*, as it is a question of law."

¶ 17     The order properly before us for review is the circuit court's order granting the defendant's motion to dismiss. Our review of dismissals under either section 2-615 or section 2-619 is subject to *de novo* review. *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006).

¶ 18     The circuit court in this matter did not make an order regarding the constitutionally of section 13.5 of the Act. Further, the constitutional challenge that plaintiff attempts to bring on appeal was not raised in response to the defendant's motion to dismiss and was not properly before the circuit court. Arguments not raised in the circuit court are forfeited and cannot be raised for the first time on appeal. *BMO Harris Bank, N.A. v. Malarz*, 2021 IL App (2d) 190984, ¶ 18.

¶ 19     The plaintiff's entire response to the motion to dismiss is set forth above, of note are the statements contained in paragraph three of that response. In the response, the plaintiff did not affirmatively challenge the constitutionally of the Act. Rather, the plaintiff stated:

"It is unlikely the Illinois courts will uphold the amendments of the Illinois Health Care Right of Conscience Act regarding COVID-19 requirements because the amendment says, 'This Section is a declaration of existing law and shall not be construed as a new enactment.' There was no existing law at the time that the statute was amended that would allow discrimination on the basis of beliefs of conscience concerning COVID-19 measures. Further, if the amendment to the statute were valid on its face, it would face constitutional challenges in state court under the Illinois Constitution."

These statements allude to some other speculative challenge or challenges to the Act, but the plaintiff did not assert such challenge in this case prior to the circuit court granting the defendant's motion to dismiss on June 28, 2022.

¶ 20    Arguments not made in response to a motion to dismiss are forfeited and cannot be made for the first time on appeal. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 49. "Issues raised for the first time on appeal are [forfeited]." *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 161 (1999). Therefore, we hold that the issues the plaintiff raised in his appellant brief are forfeited because he did not raise them before the circuit court entered the order of dismissal, and we affirm the circuit court's order granting the motion to dismiss.[3]

¶ 21    Affirmed.

---

[3]We note that, in addition to failing to argue the issue of constitutionality before the circuit court in response to the motion to dismiss, the plaintiff failed to comply with Illinois Supreme Court Rule 19(b) (eff. Sept 1, 2006) (notice of claim of unconstitutionality must be served on appropriate official, such as Attorney General, "at the time of suit, answer or counterclaim, if the challenge is raised at that level, or promptly after the constitutional or preemption question arises as a result of a circuit or reviewing court ruling or judgment"). The "supreme court rules are 'not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.' " *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 24 (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)). The failure to strictly comply with Rule 19 may result in forfeiture. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 119 (2004). Given the plaintiff's failure to argue the issue of constitutionality, as set forth above, and the failure to follow Rule 19, we also find forfeiture due to failing to strictly comply with Rule 19.