NOTICE

Decision filed 05/19/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250491-U

NO. 5-25-0491

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ERIC GOODE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 23-CH-4 |
| | ) | |
| JEFFREY YENCHKO, | ) | Honorable |
| | ) | Ronald J. Foster, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOLLINGER delivered the judgment of the court.
Presiding Justice Cates and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the dismissal of plaintiff's second amended complaint, where plaintiff failed to respond to the motion to dismiss in the circuit court, thereby forfeiting issues raised on appeal.

¶ 2    On January 9, 2023, plaintiff, Eric Goode, filed a single-count complaint against defendant, Jeffrey Yenchko, seeking injunctive relief for an alleged violation of his federally protected rights under section 922(t)(2)(C) of the Brady Handgun Violence Prevention Act of 1993 (Brady Act) (18 U.S.C. § 922(t)(2)(C) (2018)). Plaintiff subsequently filed a single-count first amended complaint with leave of court premised on the same legal theory asserted in the original complaint. The circuit court granted defendant's motion to dismiss the first amended complaint and granted leave to replead. Plaintiff then filed a two-count second amended complaint raising a new claim

1

and new legal theory which was ultimately dismissed with prejudice on defendant's unopposed motion. This timely appeal followed.

¶ 3                                    I. BACKGROUND

¶ 4      On January 9, 2023, plaintiff filed a single-count complaint against defendant seeking injunctive relief for an alleged violation of his federally protected rights under section 922(t)(2)(C) of the Brady Act. On February 24, 2023, defendant filed a combined motion to dismiss, pursuant to sections 2-615, 2-619(a)(9), and 2-619.1 of the Code of Civil Procedure. 735 ILCS 5/2-615, 2-619(a)(9), 2-619.1 (West 2022). On August 3, 2023, an order was entered granting plaintiff leave to file an amended complaint. On January 25, 2024, plaintiff filed a single-count first amended complaint premised on the same legal theory asserted in the original complaint. On April 5, 2024, plaintiff filed a motion for summary judgment asserting that defendant failed to timely respond to the first amended complaint and the allegations therein were deemed admitted. On May 1, 2024, the circuit court granted defendant's motion for an extension of time to file a responsive pleading and to respond to plaintiff's motion for summary judgment. On May 17, 2024, defendant filed a motion to dismiss the first amended complaint, pursuant to section 2-615 of the Code of Civil Procedure. On November 14, 2024, the circuit court entered an order granting defendant's motion to dismiss plaintiff's first amended complaint without prejudice, with leave to amend.

¶ 5      On November 19, 2024, plaintiff filed a two-count second amended complaint. Both counts were purportedly brought pursuant to section 1983 of the Civil Rights Act of 1871 (42 U.S.C. § 1983 (2024)). The original and first amended complaint did not assert a section 1983 action. Count I of the second amended complaint alleged that the Illinois State Police through defendant, the Chief of the Firearm Services Bureau of the Illinois State Police, acted as a point of contact for the National Instant Background Check System. Plaintiff asserted that, because defendant is such

a point of contact, defendant must delete all the identifying information for firearm purchasers within 24 hours after the federally licensed firearms dealer receives communication that the transfer of the firearm may proceed. Plaintiff asserted that defendant kept identifying information for at least one year, that plaintiff purchased a firearm within the year prior to the filing of the action, and was "personally injured by the violation." Plaintiff asserted that defendant's retention of his identifying information violated section 922(t)(2)(C) of the Brady Act, 28 C.F.R. § 25.9(b)(1)(iii), and his second amendment rights. Plaintiff requested that defendant be enjoined from retaining and/or failing to destroy the identifying information beyond the 24-hour period.

¶ 6 Count II of the second amended complaint asserted that his fourth and fourteenth amendment rights were violated where "Defendant, through employees of the Illinois State Police and/or Attorney General's Office, have attempted to cajole and otherwise induce Plaintiff's spouse [who is an employee of the Illinois State Police] into revealing information about privileged communications between Plaintiff and his attorney." Plaintiff asserted that he and his attorney "subjectively intended [the communications] to be confidential," and his wife being asked about such communications violated his fourth and fourteenth amendment rights.

¶ 7 On February 27, 2025, defendant filed a combined motion to dismiss plaintiff's second amended complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-615, 2-619 (West 2024). As to count I, defendant asserted that plaintiff was not entitled to relief because he has no private right of action to enforce section 922(t)(2)(C) of the Brady Act and the information plaintiff alleges must be destroyed is not subject to destruction under section 922(t) because it is maintained pursuant to state law. Alternatively, as to count I, defendant argued that he was not a properly named defendant because he personally owed no duties under the Brady Act.

¶ 8    As to count II, defendant asserted that plaintiff had no attorney-client privilege to information disclosed by a third party and that count II pled insufficient facts to demonstrate defendant violated his constitutional rights. Defendant further asserted as to count II that plaintiff lacked standing to enjoin the Illinois State Police from interviewing his wife. Plaintiff did not file a written response to defendant's combined motion to dismiss plaintiff's second amended complaint.

¶ 9    On March 6, 2025, the circuit court entered an order setting a hearing date on the combined motion to dismiss the second amended complaint for April 30, 2025. The record does not reflect that a hearing was held on April 30, 2025. No transcript in the report of proceedings or a bystander's report for the hearing is contained in the record. On May 14, 2025, the circuit court entered a written order granting defendant's combined motion to dismiss plaintiff's second amended complaint with prejudice. It dismissed count I pursuant to section 2-615 of the Code of Civil Procedure and count II pursuant to section 2-619 of the Code of Civil Procedure. In the order, the circuit court did not state that any arguments were heard on the motion. Nor did the circuit court state that it had considered a written response to the motion. Rather, the circuit court stated that no response to the motion was filed. As to count I, the circuit court found that "there is no private right to sue to enforce § 922(t)(2)(C)." The circuit court also found that defendant was neither a system nor point of contact owing duties under the Brady Act. As to count II, the circuit court found that plaintiff did not plead either a search or seizure. The circuit court also found that plaintiff voluntarily waived his attorney-client privilege by telling his wife about the communications with his attorney, and that plaintiff lacked standing to sue on behalf of his wife. Plaintiff did not file a motion to reconsider the dismissal order. Plaintiff filed a timely notice of appeal on June 11, 2025.

4

¶ 10                                II. ANALYSIS

¶ 11     Plaintiff advances various arguments on appeal that were never raised in the circuit court. Defendant initially contends that plaintiff forfeited all arguments on appeal by failing to respond to his motion to dismiss plaintiff's second amended complaint in the circuit court. Plaintiff did not raise any argument in opposition to defendant's forfeiture argument in a reply brief. Plaintiff did not file a reply brief.

¶ 12     During oral argument before this court, questions were asked of counsel regarding defendant's contention of forfeiture. Specifically, this court inquired whether the circuit court heard arguments on the motion to dismiss at the scheduled hearing date. Plaintiff's counsel responded in the affirmative stating, "there was a previously filed summary judgment motion that addressed the same basic issues that I incorporated by that in my oral argument to the trial court." This is not reflected in the record on appeal. Our review of the motion for summary judgment referred to by plaintiff's counsel contains no arguments in response to the motion to dismiss plaintiff's second amended complaint. Rather, the motion for summary judgment raised a procedural failure by defendant to file a timely response to the first amended complaint.

¶ 13     Plaintiff's counsel also asserted during oral argument that "there was oral argument" regarding the motion to dismiss plaintiff's second amended complaint. However, as mentioned previously, we were not provided with a report of proceedings nor a bystander's report for any hearing on the motion to dismiss the second amended complaint. Further, the docket entry for the date a hearing was set on the motion merely states "matter taken underadvisement [*sic*]." There is no mention in that docket entry that counsel for either party was present in court or that arguments were heard on the motion.

5

¶ 14    During oral argument on appeal, plaintiff's counsel stated that he "doesn't believe [the hearing] was transcribed," and acknowledged that "there was no bystander report" that would, at least, give this court an indication that the hearing existed. An appellant has the burden to present a sufficiently complete record of the proceedings in the circuit court to support a claim of error, "and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 15    There is ample case authority supporting the proposition that the failure to raise an argument in response to a party's motion to dismiss in the circuit court precludes that argument from being raised on appeal. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36; *Zerjal v. Daech & Bauer Construction, Inc.*, 405 Ill. App. 3d 907, 915 (2010); *Buckner v. O'Brien*, 287 Ill. App. 3d 173, 177 (1997); *Goodrich v. Good Samaritan Regional Health Center*, 2023 IL App (5th) 220510-U, ¶ 20. Additionally, after defendant argued forfeiture in his brief on appeal, plaintiff did not respond to this argument by failing to file a reply brief. The failure to file a reply brief responding to an appellee's forfeiture argument is a forfeiture in and of itself. *Department of Central Management Services/Department of State Police v. Illinois Labor Relations Board*, 2012 IL App (4th) 110356, ¶ 26; *Work Zone Safety, Inc. v. Crest Hill Land Development, L.L.C.*, 2015 IL App (1st) 140088, ¶ 31. For all of the foregoing reasons, we agree with defendant that plaintiff forfeited his issues on appeal. As such, we affirm the dismissal of plaintiff's second amended complaint. As such, we need not address the merits of the arguments raised for the first time on appeal.

¶ 16                                III. CONCLUSION

¶ 17    Therefore, we affirm the dismissal of plaintiff's second amended complaint.


¶ 18    Affirmed.