# Illinois Official Reports

## Appellate Court

> ## *Wells Fargo Bank, National Ass'n v. Roundtree*, 2018 IL App (1st) 172912

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for First Franklin Mortgage Loan Trust 2004-FF46 Mortgage Pass-Through Certificates, Series 2004-FF46, Plaintiff-Appellee, v. DONNA ROUNDTREE, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants (Donna Roundtree, Defendant-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-17-2912 |
| Filed | November 7, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-13773; the Hon. Michael F. Otto, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Consumer Legal Group, P.C., of Matteson (Lloyd Brooks, of counsel), for appellant.<br><br>Kluever & Platt, LLC, of Chicago (Blake A. Strautins, of counsel), for appellee. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Justices Howse and Cobbs concurred in the judgment and opinion.

## OPINION

¶ 1 Following the Cook County circuit court's entry of an order approving sale of certain foreclosed property, defendant-appellant Donna Roundtree filed a petition to vacate that order, asserting that service had been improper. Upon a motion filed by plaintiff-appellee Wells Fargo Bank, National Association, as trustee for First Franklin Mortgage Loan Trust 2004-FF46 Mortgage Pass-Through Certificates, Series 2004-FF46, the trial court dismissed defendant's petition. Defendant appeals, contending that the trial court erred in finding that she retroactively waived her objection to jurisdiction and insisting that the void judgment of default underlying this cause cannot stand. She asks that we reverse the trial court's dismissal and remand for further proceedings. For the following reasons, we affirm.

¶ 2                                   BACKGROUND

¶ 3 In September 2015, plaintiff instituted a foreclosure action against defendant regarding property for which she had signed a mortgage and note. Plaintiff served defendant via substitute service at the property. Its process server noted in his affidavit that he left a copy of the process envelope containing the summons and complaint with Leroy Jones, defendant's boyfriend who lived at the property. The process server confirmed defendant resided at the property; he advised Jones of the contents of the envelope, he included a physical description of Jones, and he mailed a copy of the summons and complaint in a sealed envelope to defendant at the property. The process server described Jones as 50 years old, African American, approximately 5 feet, 7 inches tall, approximately 176-200 pounds, black hair, and no glasses.

¶ 4 In March 2016, with defendant having never responded to the summons or complaint, plaintiff moved for default judgment and entry of judgment of foreclosure and sale. Plaintiff mailed a copy of its motion to defendant at the property. The trial court held a hearing, at which defendant did not appear, and granted plaintiff's motions; it entered an order of default judgment against defendant and a judgment of foreclosure and sale of the property. Plaintiff mailed a copy of the notice of entry of default judgment to defendant at the property, and a sales officer mailed a notice of the sale to defendant at the property. A public sale was conducted as noticed and scheduled, and plaintiff was the highest bidder.

¶ 5 In July 2016, plaintiff filed a motion to approve the sale and for a personal deficiency judgment against defendant and again mailed a copy of this to defendant at the property. On August 23, 2016, plaintiff presented this motion before the trial court. An attorney for defendant appeared at the hearing and asked the trial court to set a briefing schedule; the trial court did so, and counsel for defendant prepared a written order outlining that schedule. Additionally, on August 29, 2016, counsel filed an appearance on defendant's behalf with the trial court.

¶ 6         On September 27, 2016, the trial court held a hearing on plaintiff's motion to approve sale. Defendant did not respond to the motion and did not appear in court. The trial court granted plaintiff's motion and entered an order approving sale of the property.

¶ 7         On February 14, 2017, defendant filed a "Motion to Quash or in the Alternative Motion to Vacate Pursuant to § 2-1401 Petition." See 735 ILCS 5/2-1401 (West 2016). Her principal assertion was that plaintiff had not effectuated proper substitute service on her and, accordingly, the underlying default judgment against her was void, rendering the foreclosure and sale of the property void. Plaintiff moved to dismiss the petition. On July 11, 2017, the trial court granted dismissal of the petition based on a "lack of jurisdiction," noting that defendant had failed to properly serve plaintiff with her petition.

¶ 8         On the same day, defendant refiled her petition containing the same assertions and included her affidavit as well as one from Jones. In his affidavit, Jones attested that he is defendant's ex-husband and lives with defendant and their daughter at the property. He stated that he was not served with any documents on her behalf but did not deny being at the property on the day the process server attested he served him. Jones further averred that he is 68 years old, six feet tall, approximately 230 pounds and has "salt and pepper" hair. He also attached a copy of his driver's license, which listed Jones as six feet tall and 210 pounds. In her affidavit, defendant attested that she was out of the country at the time of the attempted service on her, and she averred that no one living at the property matches the description given by the process server.

¶ 9         Plaintiff again moved to dismiss defendant's petition, arguing that section 15-1505.6(a) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1505.6(a) (West 2016)), which allows a party 60 days from counsel's appearance on her behalf within which to file a motion to quash service, rendered defendant's petition untimely. The trial court agreed with plaintiff, citing *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, and holding that section 15-1505.6(a) barred defendant from attacking service. Accordingly, the court granted plaintiff's motion and dismissed defendant's petition.

¶ 10                                    ANALYSIS

¶ 11        On appeal, defendant contends that the trial court erred in dismissing her petition. She asserts that, because the default judgment underlying the foreclosure was entered before counsel made any appearance on her behalf, she did not waive any jurisdictional challenge to that judgment. She claims that, instead, any waiver would have been prospective from her appearance, and not retroactive to the default judgment. And she ultimately insists that the timing of her counsel's appearance is irrelevant because, regardless of any participation in these proceedings, this would not waive her objection to service since void judgments may be attacked at any time. Plaintiff, meanwhile, contends that defendant's section 2-1401 petition was time-barred because section 15-1505.6(a) of the Foreclosure Law precluded her from raising her challenge to the trial court's personal jurisdiction more than 60 days after she appeared in court. In resolving this issue, we are called to examine the applicability of section 15-1505.6(a) to the circumstances presented here, which, the parties agree, comprises a question of law subject to *de novo* review. See *GreenPoint Mortgage*, 2014 IL App (1st) 132864, ¶ 11. Additionally, we note that we likewise review dismissals of section 2-1401 petitions *de novo*. See *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 16.

- 3 -

¶ 12    Upon our review and based on the record before us, we disagree with defendant's contentions on appeal. Instead, we find that her section 2-1401 petition was time-barred by section 15-1505.6(a) of the Foreclosure Law and, therefore, it was properly dismissed.

¶ 13    Section 15-1505.6(a) of the Foreclosure Law provides that, in a residential mortgage foreclosure proceeding, when a party moves to dismiss the cause or to quash service of process on the ground that the trial court lacked personal jurisdiction over her, she must do so within 60 days of either the date she first files an appearance or the date she first participates in a hearing without filing an appearance, whichever of these is earlier. See 735 ILCS 5/15-1505.6(a) (West 2016); see also *GreenPoint Mortgage*, 2014 IL App (1st) 132864, ¶ 1 (section 15-1505.6 "requires that a motion to quash service of process in a residential foreclosure action must be brought within 60 days of the date that the moving party files an appearance or participates in a hearing without filing an appearance, unless the court grants an extension for good cause"). In other words, in the context of a residential foreclosure action, the moment a party files her appearance or even simply participates in any hearing, a 60-day clock begins to run, within which time she must object to personal jurisdiction. See 735 ILCS 5/15-1505.6(a) (West 2016). The failure to do so results in the waiver of any objection to personal jurisdiction. See *GreenPoint Mortgage*, 2014 IL App (1st) 132864, ¶ 24 ("it is not the appearance itself that results in waiving the objection to personal jurisdiction. It is waiting more than 60 days after appearing or participating in a hearing that causes waiver"). Thus, once the 60-day clock expires, she may no longer challenge personal jurisdiction. See 735 ILCS 5/15-1505.6(a) (West 2016); *GreenPoint Mortgage*, 2014 IL App (1st) 132864, ¶ 16 (the reason for the enactment of this strict requirement in foreclosure law was the concern over unreasonable delays in these particular cases and the desire to limit the ability to file motions to quash service, which comprises the pretext for the delays).

¶ 14    In the instant cause, it is undeniable that section 15-1505.6(a)'s personal jurisdiction procedural rule applies. First, there is no dispute that this cause lies within the context of a residential mortgage foreclosure action. It was never argued that the property in question was, indeed, defendant's residence; both her affidavit and that of Jones confirm that defendant lived at the property. Moreover, it does not matter that defendant brought her claim of insufficient service of process pursuant to section 2-1401; this is simply the vehicle she used to raise her argument after judgment in this cause was entered. Section 15-1505.6 applies equally to a personal jurisdiction challenge asserted in a section 2-1401 postjudgment petition as it would to a personal jurisdiction challenge asserted during the pendency of the case prior to final judgment. See *GreenPoint Mortgage*, 2014 IL App (1st) 132864, ¶ 24. We state this to underscore our point here that there is no doubt that the claim defendant raised in her section 2-1401 petition—which explicitly objects to service of process and insists that substitute service was not properly accomplished by plaintiff and must be quashed—is one related to personal jurisdiction. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103-04 (2002) (section 2-1401 petition challenging party's service of process is attack on trial court's personal jurisdiction); accord *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 16 (section 2-1401 petition challenging trial court's jurisdiction because of improper service is "[e]ssentially *** a motion to quash service").

¶ 15    Accordingly, then, in applying section 15-1505.6(a) to the instant cause, it becomes clear that defendant's section 2-1401 petition was time-barred. Defendant first appeared in this cause on August 23, 2016, when her counsel arrived at a hearing on plaintiff's motion to

approve sale. Counsel asked the trial court to set a briefing schedule, which the court did, and counsel in fact prepared the written order entered in this cause outlining that schedule. Additionally, defendant's counsel filed an official appearance on her behalf with the court six days later, on August 29, 2016. But it was not until February 14, 2017—some six months later,[1] and well after 60 days of her first participation in this cause—that defendant filed her section 2-1401 petition directly challenging the trial court's personal jurisdiction over her, as evidenced by her assertions that plaintiff had not properly effectuated substitute service. Again, this was the entire crux of her petition, which, at its essence, sought to quash service. Pursuant to section 15-1505.6(a), defendant failed to timely assert her challenge to the trial court's personal jurisdiction over her.

¶ 16      Relying heavily on our supreme court's decision in *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, defendant argues on appeal that, regardless of any failure on her part to comply with section 15-1505.6, the statute did not operate to retroactively waive her objection to service. Defendant is correct that *Mitchell* held that a party who submits to the trial court's jurisdiction does so only prospectively, and her appearance does not retroactively validate orders entered prior to that date. See *Mitchell*, 2014 IL 116311, ¶ 43. However, her argument is meritless within the context of this particular cause. This is because the default judgment entered against defendant here would, of course, be void if service was ineffective. But, defendant still failed to comply with the 60-day time limit set forth in section 15-1505.6(a). She never properly contested the issue of the trial court's jurisdiction over her. Thus, the fact that jurisdiction gained under section 15-1505.6 operates prospectively is irrelevant; we cannot get to the merits of the propriety of service because, as a threshold matter, defendant failed to follow the very statutory procedure that would allow us to do so. See *BAC Home Loans Servicing, LP v. Pieczonka*, 2015 IL App (1st) 133128, ¶ 15 ("[b]ecause we find that defendant's motion to quash service of process was untimely, we need not address the merits of his arguments regarding the propriety of substitute service in this case").

¶ 17      Ultimately, because defendant failed to file her petition within 60 days of first participating in a hearing in this cause without filing an appearance (August 23, 2016), or even of first filing an official appearance with the trial court (August 29, 2016), and because she did not seek any extension of this 60-day deadline from the trial court, section 15-1505.6 barred her from filing her challenge to the trial court's personal jurisdiction over her. See, *e.g.*, *Sanders*, 2015 IL App (1st) 141272, ¶ 31 (the defendant waived jurisdiction when he participated in foreclosure case but failed to contest court's jurisdiction within the 60 days required by section 15-1505.6); *Pieczonka*, 2015 IL App (1st) 133128, ¶ 12 (motion to quash service time-barred pursuant to section 15-1505.6(a) where the defendant presented that motion more than 60 days after filing appearance); *U.S. Bank Trust, N.A. v. Colston*, 2015 IL App (5th) 140100, ¶ 23 (section 15-1505.6 barred the defendants' challenge to personal jurisdiction filed more than 60 days after they first participated in the foreclosure case); *GreenPoint Mortgage*, 2014 IL App (1st) 132864, ¶ 22 (under section 15-1505.6, the

---

[1] We would further note that defendant's petition was also filed long (some five months) after the trial court entered an order approving sale following a hearing at which defendant did not appear, a hearing that was part of the briefing schedule defendant's own counsel had come to court and asked the trial court for and himself transcribed to be entered into the record.

defendant was required to move to quash service within 60 days of his first appearance in court; "we find that it would not offend considerations of fairness and equity to apply section 15-1505.6 retroactively"); *cf. Bank of New York Mellon v. Laskowski*, 2018 IL 121995 (where party properly filed motion to quash service, thereby challenging trial court's personal jurisdiction, in residential mortgage foreclosure case within the 60-day time frame mandated by section 15-1505.6, the motion to quash service was timely and challenge could proceed).

¶ 18                                                    CONCLUSION
¶ 19            For all the foregoing reasons, we affirm the judgment of the trial court.

¶ 20            Affirmed.