2021 IL App (2d) 190984
No. 2-19-0984
Opinion filed January 20, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BMO HARRIS BANK, N.A., as Successor in Interest to Harris, N.A., | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10-CH-636 |
| MARCIN MALARZ; ANNA MALARZ; RICHARD McDONALD; CONCORD-AIR, INC.; JOSEPH SCHIAVONE; H.A. SCHIAVONE; UNKNOWN OWNERS; OWNERS and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable Daniel L. Jasica, |
| (Richard McDonald, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Jorgensen and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Richard McDonald, appeals the trial court's order dismissing his second amended petition, filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), as untimely under section 15-1505.6(a) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (*id.* § 15-1505.6(a)). Defendant contends that his second amended petition was timely because, among other reasons, the period for filing his action was tolled when he withdrew his first amended petition without prejudice. We affirm.

¶ 2                                I. BACKGROUND

¶ 3      In 2008, Marcin Malarz executed a mortgage and note in favor of defendant, pledging residential property as security for a loan. Plaintiff, BMO Harris Bank N.A., as successor in interest to Harris, N.A., held a first mortgage on the property. In February 2010, plaintiff filed a complaint to foreclose the mortgage and named defendant as a party. Defendant was served by a special process server but did not appear in court. On December 6, 2011, a default judgment and order of foreclosure was entered.

¶ 4      In February 2012, defendant called plaintiff's counsel to inquire about the judicial sale and request the opening bid. Defendant said that he was monitoring the foreclosure action because he had a lien on the property. However, defendant did not appear in the action, and the property was sold. An order confirming the sale was entered in April of 2012.

¶ 5      On October 10, 2017, counsel filed an appearance on behalf of defendant, together with a motion to vacate the default judgment and quash service of process. On November 1, 2017, the trial court entered an order permitting defendant to file, within 14 days, an "amended motion/petition." On November 15, 2017, defendant filed a first amended petition under section 2-1401 to quash service. Defendant alleged that the service of process lacked a required court order. On February 15, 2018, defendant moved for leave to file an amended petition. On February 16, 2018, an agreed order was entered whereby the November 15, 2017, petition was withdrawn without prejudice and the February 15, 2018, motion for leave to file was stricken. The order further stated, "This case shall be closed."

¶ 6      On August 3, 2018, new counsel for defendant filed an appearance. Counsel also filed a motion to reopen the case and to file an attached second amended petition to quash service. The second amended petition likewise asked for the case to be reopened. Plaintiff moved to dismiss

the petition and strike the motion, arguing in part that the petition was untimely because it was not filed within 60 days of defendant's first appearance in the action, as required by section 15-1505.6(a) of the Foreclosure Law. On November 6, 2019, the court entered a written order, stating that (1) the motion to dismiss and strike was heard that day, (2) the court was granting the motion, and (3) defendant's second amended petition was untimely under section 15-1506.6(a). The record contains no report of proceedings for any hearing, including the November 6 hearing. Defendant appeals.

¶ 7                                    II. ANALYSIS

¶ 8     Defendant contends that his second amended petition was timely under section 15-1505.6(a) because (1) the court should not count the time between the closure of the first case and the filing of the second amended petition against section 15-1505.6(a)'s 60-day period; (2) the second amended petition related back to his original motion to quash, which was filed on the day he first appeared in the action; and (3) the second amended petition was filed within the one-year window under section 13-217 of the Code (735 ILCS 5/13-217 (West 1994))[1] for filing a new action.

¶ 9     Section 15-1505.6(a) of the Foreclosure Law provides that, in a residential mortgage foreclosure proceeding, when a party moves to dismiss the cause or to quash service of process on the basis that the trial court lacked personal jurisdiction, the party must do so within 60 days of either the date he or she first files an appearance or the date he or she first participates in a hearing without filing an appearance, whichever is earlier. 735 ILCS 5/15-1505.6(a) (West 2016); *Wells*

---

[1] The 1994 version applies because a 1995 amendment was found unconstitutional in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997).

*Fargo Bank, National Ass'n v. Roundtree*, 2018 IL App (1st) 172912, ¶ 13. "In other words, in the context of a residential foreclosure action, the moment a party files [an] appearance or even simply participates in any hearing, a 60-day clock begins to run, within which time [the party] must object to personal jurisdiction." *Roundtree*, 2018 IL App (1st) 172912, ¶ 13. "The failure to do so results in the waiver of any objection to personal jurisdiction." *Id.* "Thus, once the 60-day clock expires, [a party] may no longer challenge personal jurisdiction." *Id.* However, the time may be extended by the trial court for good cause shown. 735 ILCS 5/15-1505.6(a) (West 2016). Section 15-1505.6(a) was intended to limit the opportunity to stall foreclosure proceedings with objections to personal jurisdiction. See *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 16.

¶ 10    "In construing and applying a statute, a court's primary objective is to give effect to the legislature's intent[,] and that intent is best discerned by looking to the plain language employed in the statute." *BAC Home Loans Servicing, LP v. Pieczonka*, 2015 IL App (1st) 133128, ¶ 11. "Where a statute's language is clear and unambiguous, it should be applied as written." *Id.* To the extent it raises legal questions, we consider *de novo* the dismissal of a section 2-1401 petition; however, to the extent that factual questions arise, we review for an abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 49-51.

¶ 11    In *Pieczonka*, the First District addressed the same factual situation presented here. There, the defendant filed an appearance on January 30, 2013, and a motion to quash service on February 6, 2013. Defendant voluntarily withdrew the motion on April 11, 2013, with no indication that he sought an extension of time. On April 22, 2013, he filed an amended motion to quash, and the trial court denied it as untimely. The First District affirmed, holding that, under the plain language of section 15-1501.6(a), more than 60 days had passed between the defendant's first appearance and

the filing of the amended motion. *Pieczonka*, 2015 IL App (1st) 133128, ¶ 12. The court rejected the defendant's argument that the only time of concern was between his first appearance and the filing of his first motion to quash. *Id.* ¶ 13. The court stated that, because the defendant voluntarily withdrew the first motion and the record did not show that he had sought an extension of time, the date that he filed the first motion was not relevant. Instead, the relevant period was between the defendant's first appearance and the date of his amended motion. Accordingly, the amended motion was untimely. *Id.*

¶ 12     Here, under *Pieczonka*, defendant's second amended petition was untimely, as it was filed well beyond 60 days from his first appearance in the action. While *Pieczonka* involved a motion to quash instead of a section 2-1401 petition, that distinction does not matter. See *Roundtree*, 2018 IL App (1st) 172912, ¶ 14. "Section 15-1506.6 applies equally to a personal jurisdiction challenge asserted in a section 2-1401 postjudgment petition as it would to a personal jurisdiction challenge asserted during the pendency of the case prior to final judgment." *Id.* It is essentially a motion to quash service. *Id.* (citing *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 16).

¶ 13     Defendant contends that *Pieczonka* is distinguishable because, there, it was not indicated that the petition was withdrawn without prejudice. But that distinction makes no difference here. As the court in *Pieczonka* noted, section 15-1506.6 plainly requires the challenge to service to be made within 60 days of the first appearance, with the only exception being if the time is extended by the trial court for good cause  shown. Here, as in *Pieczonka*, there is no indication that defendant ever asked for an extension of time or was granted one (if such occurred at a hearing, we would not necessarily know, because the record contains no reports of proceeding). The voluntary

withdrawal of the petition "without prejudice" does not equate to an extension of time for good cause shown.

¶ 14 Defendant also contends, with little discussion, that *Pieczonka* does not apply because it was implicitly overruled by *Bank of New York Mellon v. Laskowski*, 2018 IL 121995. There, the defendant appeared, but the plaintiff failed to appear, and the action was dismissed for want of prosecution. The dismissal was later vacated, and the defendant filed a motion to quash service within 60 days of the reinstatement, but more than 60 days from the first appearance. The supreme court noted that, since the case was dismissed for want of prosecution, there was neither reason nor opportunity for the defendant to file a motion to quash service. It held that applying the time during which the case was dismissed against the 60 days would yield an absurd and unjust result. *Id.* ¶¶ 13, 18. Thus, the court held that "the time that elapses between the [dismissal for want of prosecution] of a residential mortgage foreclosure action and its subsequent reinstatement is not to be counted in calculating the statutory deadline." *Id.* ¶ 19.

¶ 15 *Laskowski* did not implicitly overrule *Pieczonka* and is distinguishable. In *Laskowski*, the action was involuntarily dismissed, and the defendant had no reason or opportunity to file a motion to quash while it remained dismissed. In *Pieczonka*, the defendant voluntarily withdrew his petition to quash without seeking an extension of time for good cause shown. The same occurred here. Accordingly, *Pieczonka*, not *Laskowski*, controls this case.

¶ 16 In the alternative, defendant contends that, under section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2016)), the second amended petition relates back to his initial motion to quash, for purposes of the 60-day time limitation. Plaintiff contends that the issue is forfeited because it was not raised in the trial court.

¶ 17    Under sections 2-616(a), (b) of the Code (*id.* § 2-616(a), (b)), an amended pleading may be allowed at any time before final judgment and may also be deemed to relate back to an earlier pleading for purposes of a limitations period.

> "In determining whether a motion to amend should have been granted by the circuit court, we consider the following four factors: whether the proposed amendment would cure the defective pleading, whether the proposed amendment would surprise or prejudice the opposing party, whether the proposed amendment was timely filed, and whether the moving party had previous opportunities to amend." *City of Chicago v. City of Kankakee*, 2019 IL 122878, ¶ 20.

The trial court's ruling on the multifactored question of whether an amendment should be permitted is reviewed for abuse of discretion. *Id.* By contrast, the question of whether an amendment relates back to a prior pleading is reviewed *de novo*. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 353 (2008).

¶ 18    Generally, arguments not raised in the trial court are forfeited and cannot be raised for the first time on appeal. *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109 (2006). Here, while defendant moved to reopen the case and to file a second amended petition, he did not file a motion specifically seeking leave to amend a pleading. We cannot tell—because we lack a report of proceedings—if defendant orally made such a motion at the November 6, 2019, hearing on defendant's motion to reopen the case. Accordingly, we cannot accept defendant's characterization of the trial court's November 6, 2019, ruling as denying him leave to amend. Moreover, with the record being incomplete, we are in no position to assess whether the trial court abused its discretion at the November 6 hearing. In the absence of a record to support defendant's

claim of error, we must assume that the trial court's decision had a sufficient factual basis and was in conformity with the law. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 19    Finally, defendant argues that he had a right to refile his petition within one year under section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)). Section 2-1009(a) of the Code allows a plaintiff to voluntarily dismiss an action before trial begins. 735 ILCS 5/2-1009(a) (West 2016). Meanwhile, section 13-217 allows one year for a plaintiff to refile a "new action" after a voluntary dismissal. 735 ILCS 5/13-217 (West 1994). The record does not show that this issue was presented to the trial court. The argument was not raised in defendant's pleadings, and there is no record of any hearings below. Accordingly, this issue, too, was forfeited.

¶ 20    Defendant argues that our ability to determine the issue is clear from the common-law record and that the matter is not one within the trial court's discretion. But the record is ambiguous as to defendant's intent in withdrawing the first amended petition and later seeking to file the second amended petition. The February 16, 2018, order stated that defendant was withdrawing the first amended petition without prejudice but also stated that the case was closed. Defendant later moved to reopen the case and file his second amended petition, which also sought to reopen the case. Thus, it appears that defendant was attempting to reinstate the dismissed action, not file a new action. Seeking to reinstate the action would be consistent with defendant's relation-back argument. However, to the extent that defendant was attempting to reinstate the action, section 13-217 was inapplicable. A "new action" under section 13-217 is not a reinstatement of the old action but an entirely new and separate action. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 48; *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997). Perhaps, at the November 6, 2019, hearing, defendant somehow presented his motion to reopen as a motion to file

a new action. We cannot know because we lack a record of that hearing. Since defendant has not established that section 13-217 applies, we reject his contention of error.

¶ 21                              III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 23    Affirmed.

---

**No. 2-19-0984**

---

| | |
|---|---|
| **Cite as:** | *BMO Harris Bank, N.A. v. Malarz*, 2021 IL App (2d) 190984 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 10-CH-636; the Hon. Daniel L. Jasica, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Adam Goodman, of Goodman Tovrov Hardy & Johnson LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Gabriella R. Comstock, of Keough & Moody, P.C., of Naperville, for appellee. |

---