2025 IL App (2d) 240265-U
No. 2-24-0265
Order filed July 18, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a ) | Appeal from the Circuit Court |
| The Bank of New York, AS TRUSTEE FOR ) | of Kane County. |
| THE CERTIFICATE HOLDERS OF CWALT, ) | |
| INC., ALTERNATIVE LOAN TRUST 2006- ) | |
| 12CB, MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES SERIES 2006-12CB, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 14-CH-609 |
| ) | |
| BENJAMIN B. MONDROSKI, MICHELLE ) | |
| J. MONDROSKI, BLACKBERRY CREEK ) | |
| HOMEOWNERS ASSOCIATION, ) | |
| UNKNOWN OWNERS and NON RECORD ) | |
| CLAIMANTS, ) | Honorable |
| ) | Joseph M. Grady, |
| Defendants ) | Divya K. Sarang, |
| ) | John G. Dalton, |
| (Michelle J. Mondroski, Defendant-Appellant). ) | Judges, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in granting summary judgment on plaintiff's claims for equitable lien, equitable mortgage, and a judgment of foreclosure and sale.

¶ 2    Plaintiff, The Bank of New York Mellon, sought to foreclose on the property of defendants, Benjamin and Michelle Mondroski, on the basis of an equitable lien and mortgage, and the circuit court of Kane County granted summary judgment in its favor. Plaintiff proceeded to a sheriff's sale of the property, the property was sold to a third party, and the trial court confirmed the sale. Michelle appeals from this order. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2006, the Mondroskis, who were married at the time, bought a home at 1122 Motz Street in Elburn. They took title to the property as tenants by the entirety. To purchase the home, a loan was secured in the amount of $263,782. The only borrower on the note was Benjamin. Michelle did not sign the note. The original holder of the note was the American National Bank of DeKalb County. The note was secured by a mortgage on the property. The mortgage that was recorded on the property listed the borrowers as:

> "BENJAMIN B. MONDROSKI, XXXXXXXXXXXXXXXXXXXXXXXXXX and
> Michelle J. Mondroski, husband and wife[.]"

The X's were crossing over some other typing. Both of the Mondroskis initialed every page of the mortgage as "Borrower." Michelle also signed as a "borrower" in the final signature page of the mortgage, but below her signature was written "Michelle J. Mondroski signing solely to waive her homestead rights." Also included in the record was an unrecorded mortgage on the property that listed the borrower as:

> "BENJAMIN B. MONDROSKI, XXXXXXXXXXXXX married to Michelle J.
> Mondroski"

Again, the X's were crossing over some other typing.

¶ 5     After the purchase, the Mondroskis lived in the home as a married couple until their separation in August 2009.  A judgment of dissolution was entered in May 2013.  A modified judgment, entered in 2018, granted Michelle sole possession of the residence but stated that Benjamin would remain liable for payment on the note and for "any and all indebtedness, liens and/or encumbrances of any kind, nature or description against said improved real estate owed to the mortgage lender, its successors and/or assigns for any reason."

¶ 6     In July 2012, the mortgage was assigned to plaintiff and on September 1, 2012, the Mondroskis defaulted on the note.  Benjamin was sent a letter stating that the default had to be paid by November 29, 2013, or the loan would be accelerated.  No payments were made.  In 2014, plaintiffs filed their first complaint to foreclose on the mortgage.  Attached to the complaint were copies of the recorded mortgage, an assignment of the mortgage to plaintiff, and the note.  The note included an allonge from American National Bank payable to the order of Countrywide Bank, N.A.; an allonge from Countrywide Bank, N.A. payable to the order of Countrywide Home Loans, Inc.; and an allonge from Countrywide Home Loans, Inc. containing a blank endorsement.

¶ 7     In April 2017, the trial court granted plaintiff leave to file an amended complaint to foreclose.  In addition to the documents attached to the original complaint, there was a copy of the warranty deed recorded on the property after the closing, a 2011 loan modification agreement that was signed by Benjamin, and a lost original note affidavit from plaintiff's attorney and agent, Brian Nevel.  According to Nevel's affidavit, he had the original note and mortgage in his possession as of December 10, 2014, but, since that time, the documents had been misplaced and, despite diligent efforts, could not be located.  He stated that the plaintiff was entitled to enforce the note and that the inability to locate it was not the result of a transfer or lawful seizure of the note.  He attached copies of the note and recorded mortgage to his affidavit.

¶ 8    In October 2017, the trial court granted plaintiff's request for leave to file a second amended complaint to add a count for reformation of the mortgage and alternate counts for equitable mortgage, equitable lien, unjust enrichment, and to foreclose on the equitable lien and mortgage. The documents attached were the same ones attached to the first amended complaint. Following a hearing on Michelle's motion to dismiss the second amended complaint, the trial court granted her motion without prejudice as to the claim for reformation, but otherwise denied the motion. The trial court granted plaintiff's motion to withdraw its claim for unjust enrichment.

¶ 9    On May 15, 2018, plaintiff filed its third amended complaint, alleging claims for foreclosure (count I) and reformation of the mortgage (count II), and alternative claims for equitable mortgage (count III), equitable lien (count IV), and to foreclose on the equitable lien and mortgage (count V). In addition to the documents attached to the second amended complaint, plaintiff attached a copy of the settlement statement from the 2006 closing on the home.

¶ 10    On November 18, 2019, plaintiff filed a motion for summary judgment on the claims for equitable lien and equitable mortgage. Attached to the motion was a copy of an unrecorded mortgage on the property, with the borrower listed as "BENJAMIN B. MONDROSKI, *** married to Michelle J. Mondroski."

¶ 11    On January 14, 2020, following a hearing, the trial court (Judge Grady) granted the motion for summary judgment on the claims for equitable lien and equitable mortgage, and subsequently denied Michelle's motion to reconsider. The trial court essentially found that Michelle had an interest in property that was collateral for a loan and that it would be inequitable for her to keep the property without anyone repaying the loan.

¶ 12    On September 19, 2022, Michelle filed a motion to strike the lost original note affidavit and a motion for sanctions pursuant to Supreme Court Rule 219(c) (eff. July 1, 2002). Michelle

argued that the lost original note affidavit should be struck because it was hearsay, because the note could not be enforced by plaintiff since it was in Nevel's possession and not plaintiff's possession when it was lost, and because Nevel lacked credibility. In her motion for sanctions, Michelle noted that the unrecorded mortgage attached to plaintiff's motion for summary judgment showed that the authentic mortgage document signed at closing listed the borrower as Benjamin and only mentioned that he was married to her—it did not list them both as borrowers. She asserted that this proved the recorded mortgage was a forgery and requested sanctions on that basis.

¶ 13    On April 5, 2023, following a hearing, the trial court (Judge Sarang) denied Michelle's motion to strike the lost note affidavit, finding that it was sufficient for the court to consider. The trial court continued the motion for sanctions to a further date. On April 21, 2023, Michelle filed a motion to reconsider the trial court's decision denying her motion to strike the lost note affidavit and a second motion for sanctions, arguing that sanctions were warranted for misplacing the original note as it was relevant and material evidence.

¶ 14    On July 20, 2023, the trial court (Judge Sarang) held a hearing on Michelle's motions to reconsider, for sanctions, and on plaintiff's motion for summary judgment. Following arguments, the trial court denied the motion to reconsider its order denying Michelle's motion to strike the lost note affidavit. As to the motion for sanctions based on the alleged forgery of the mortgage, the trial court found that there was no basis for sanctions under Rule 219(c), that Michelle failed to provide any evidence that the mortgage was forged, and that Michelle could not rely on her own self-serving statements to establish a question of fact as to the authenticity of the mortgage documents. Further, the trial court noted that Michelle failed to challenge the mortgage as a forgery during any of the divorce proceedings and not until seven years after the 2014 foreclosure complaint was filed. The trial court also denied Michelle's second motion for sanctions because

there was no evidence that plaintiff deliberately lost the original note, and because the original note was not required in a foreclosure action as a copy was sufficient.

¶ 15    The trial court granted plaintiff's motion for summary judgment on its claim for foreclosure of the equitable lien and mortgage. The trial court found that plaintiff established a *prima facie* case for foreclosure and that Michelle failed to prove any affirmative defenses. The trial court noted that the dissolution judgment set forth only that Benjamin would continue to be liable on the note and would hold Michelle harmless for any liability that she would be required to pay to plaintiff. The trial court stated that the issue of foreclosure was not decided in the underlying divorce case and that the equitable lien remained on the property until the debt was paid.

¶ 16    On August 8, 2023, the trial court entered a written judgment of foreclosure and sale. At a November 2023 hearing, the trial court denied Michelle's motion to reconsider.

¶ 17    On December 4, 2023, Michelle filed a motion for default. She argued that she filed a verified answer and affirmative defenses to plaintiff's third amended complaint, that plaintiff's answer to her affirmative defenses was not verified, and, thus, her answer and affirmative defenses were deemed admitted. She requested a default judgment for plaintiff's failure to file a verified answer. On December 12, 2023, the trial court (Judge Sarang) entered an order denying the motion for default "for the reasons stated on the record" and granting plaintiff leave to file a verified answer to Michelle's verified amended and restated affirmative defenses. Plaintiff subsequently refiled its answer with a verification under section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1/109 (West 2022)).

¶ 18    In January 2024, the property was sold to a third party and plaintiff filed a motion to confirm the sale, evict Michelle, and enter a personal deficiency judgment against Benjamin. Michelle subsequently filed a motion to vacate the judgment of foreclosure and sale. Michelle

first argued that the subject judgment was erroneous because plaintiff's answer to her affirmative defenses raised in response to the third amended complaint was not verified and thus her affirmative defenses were deemed admitted. Michelle also argued that plaintiff was not the true holder of the note and that, in the divorce judgment, she was granted the property free of any liens. On February 28, 2024, following a hearing, the trial court (Judge Dalton) denied Michelle's motion to vacate the judgment for foreclosure and sale, and granted plaintiff's motion for confirmation of the sale, eviction, and entry of a personal deficiency judgment. The personal deficiency judgment was originally entered against Benjamin and Michelle, but was subsequently modified to be just against Benjamin. The trial court denied Michelle's motion to reconsider the order confirming the sale. This timely appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20     At the outset, we note that plaintiff filed a motion to dismiss this appeal as moot on the basis of Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) because the property was sold to a third party and Michelle failed to obtain a stay from the order approving the sale. Rule 305(k) protects third-party purchasers of a property from "reversal or modification of the judgment" regarding that property if: "(1) the property passed pursuant to a final judgment; (2) the right, title and interest of the property passed to a person or entity who is not part of the proceedings; and (3) the litigating party failed to perfect stay of judgment within the time allowed for filing a notice of appeal." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523-24 (2001) (interpreting Rule 305(j), which is now Rule 305(k)). "[I]t is well established that without a stay, an appeal seeking possession or ownership of specific property that has already been conveyed to a third party is moot." *Northbrook Bank & Trust Co. v. 2120 Division. LLC*, 2015 IL App (1st) 133426, ¶ 3. Nonetheless, "restitution remains a viable form of equitable relief following a foreclosure."

*Wilmington Savings Fund Society, FSB v. Herzog*, 2024 IL App (1st) 221467, ¶ 40. In this case, Michelle is not seeking reversal of the foreclosure sale. Rather, in her notice of appeal and in her appellant brief, Michelle seeks restitution from plaintiff for the value of the loss of her property and her homestead rights. Because she is seeking relief other than possession of the property, this appeal is not moot. *Id.*; see also *RCB Equities #3, LLC v. Jakubow*, 2021 IL App (1st) 200256-U, ¶ 57.[1]

¶ 21 Turning to the merits, Michelle's first contention on appeal is that the trial court erred in denying her December 2023 motion for default, which was based on plaintiff's alleged failure to verify its answer to her affirmative defenses. In its order, the trial court denied the motion for default and granted plaintiff leave to refile its answer with verification. We review a trial court's ruling on a motion for default and on a motion to amend pleadings for an abuse of discretion. See *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 28 (motion for default); *FHP Tectonics, Corp. v. American Home Assurance Co.*, 2016 IL App (1st) 130291, ¶ 34 (motion to amend pleadings). "An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." (Internal quotation marks omitted.) *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 24.

¶ 22 The trial court denied the motion for default for "reasons stated on the record." However, Michelle has failed to provide this court with a report of proceedings from the hearing on the motion for default. It is the appellant's burden to provide a sufficient record on review. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a sufficient record, we must presume

---

[1]Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

that the trial court acted in accordance with the law and the facts, and "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. As Michelle failed to supply a transcript where the trial court set forth its reasons for denying her motion, there is no basis for us to conclude that the trial court abused its discretion. We thus affirm the trial court's determination.

¶ 23 Michelle's second contention on appeal is that plaintiff's third amended complaint should be dismissed because the mortgage was extinguished when the statute of limitations on enforcement of the note expired. She asserts that under section 13-206 of the Code (735 ILCS 5/13-206 (West 2022)), there is a 10-year statute of limitation on promissory notes and it accrues on the due date of the note. She further contends that the limitations period started on November 29, 2013, when the loan was due in full because of the default, and that the ability to enforce the note thus expired on November 29, 2023, prior to the sale of the home. This contention is without merit. First, the issue is forfeited because it was not raised below. *Fauley v. Metropolitan Life Insurance Co.*, 2016 IL App (2d) 150236, ¶ 55 (issues not raised in the trial court are forfeited and may not be raised for the first time on appeal). Although this defense did not arise until November 29, 2023, after the limitations period ended, Michelle did not raise the issue when the notice of judicial sale was filed in January 2024, or in response to the February 2024 motion for an order to approve the sale. Even absent forfeiture, the argument is without merit because the complaint to foreclose was filed in April 2014 and the judgment for foreclosure and sale was entered in August 2023, both prior to the expiration of the alleged limitations period. The foreclosure complaint sought a personal deficiency judgment and thus asserted a claim under the note. *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 20 (a request for a deficiency judgment in a foreclosure complaint asserts a claim under the note). Accordingly, because the foreclosure judgment resolving

plaintiff's claim under the note was entered before the statute of limitations expired, the claim was never time-barred.

¶ 24    Michelle's third contention on appeal is that the trial court erred when it denied her motion to strike Nevel's lost original note affidavit.  On September 19, 2022, Michelle filed a motion to strike the lost note affidavit because it was inadmissible hearsay, it did not comply with the requirements of the Uniform Commercial Code, and because Nevel lacked credibility.  "When the trial court rules on a motion to strike a Rule 191 affidavit in conjunction with a summary judgment motion, we review *de novo* the trial court's ruling on the motion to strike."  *Jackson v. Graham*, 323 Ill. App. 3d 766, 774 (2001).

¶ 25    The facts to be considered by the court on summary judgment motions are evidentiary facts.  *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380 (1974).  Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) requires that affidavits in support of a motion for summary judgment be made on the personal knowledge of the affiant; set forth with particularity the facts upon which the affiant relies; consist of facts admissible in evidence; and affirmatively show that the affiant, if sworn as a witness, can testify competently to those facts.  In this case, Nevel's affidavit met these requirements.  Nevel averred that he was an attorney and authorized agent for plaintiff, that he had the original note and mortgage in his possession but that the note had been misplaced, and that a diligent search had been made to locate the note.  He further stated that the note's loss was not the result of any transfer or lawful seizure of the note and he attached a copy of the note and mortgage to his affidavit.  This was sufficient to satisfy the requirements of Rule 191(a).  *First Federal Savings & Loan Association of Chicago v. Chicago Title & Trust Co.*, 155 Ill. App. 3d 664, 666 (1987).  It was also sufficient to prove the debt.  See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 26 ("For over 25 years, the Foreclosure Law has been interpreted as

not requiring plaintiffs' production of the original note") and *Cogswell v. CitiFinancial Mortgage Co.*, 624 F.3d 395, 403 (7th Cir. 2010) (a lost note affidavit that has copies of the note and mortgage attached has been held to be sufficient to prove the debt).

¶ 26 Michelle's reliance on *Ocwen Loan Servicing, LLC v. Dominguez*, 2021 IL App (2d) 190763-U, for the proposition that the lost note affidavit is hearsay is misplaced. In *Ocwen*, which involved foreclosure on an equitable lien (*id.* ¶ 4), an authorized agent for the plaintiff submitted an affidavit of lost note, claiming that she had been in possession of and subsequently lost the note (*id.* ¶ 5). After the trial court denied cross-motions for summary judgment, the matter proceeded to trial. The lost note affidavit was admitted at trial but the affiant did not testify. *Id.* ¶ 5. Following testimony, the trial court found in favor of the plaintiff. *Id.* ¶ 12. On appeal, the defendant argued that the lost note affidavit was inadmissible hearsay and the reviewing court agreed. *Id.* ¶ 29. The reviewing court held that the lost note affidavit had been improperly admitted at trial under the business records exception because it was not made in the ordinary course of business, but was instead prepared in anticipation of litigation. *Id.* Michelle's reliance on *Ocwen* is misplaced because, in this case, the matter did not proceed to trial but was resolved on summary judgment. As explained above, the lost note affidavit met the standard for an affidavit in summary judgment proceedings as required under Rule 191(a).

¶ 27 Michelle also argues that the lost note affidavit does not meet the requirements for enforcing a lost note under section 3-309 of the Uniform Commercial Code (810 ILCS 5/3/309 (West 2020)). Under that section, one of the requirements to enforce a lost note is that "the person was in possession of the instrument and entitled to enforce it when loss of possession occurred." Michelle argues that plaintiff did not meet this requirement because Nevel's affidavit showed that he was in possession of the note when it was lost and that, therefore, plaintiff was not in possession.

This argument is without merit. In his affidavit, Nevel stated that he was plaintiff's attorney and authorized agent. Michelle has cited no authority for the proposition that possession by an authorized agent does not satisfy the requirements of section 3-309. She relies on *Dennis Joslin Co., LLC v. Robinson Broadcasting Corp.*, 977 F.Supp. 491, 492 (D.D.C. 1997), where the issue was whether an assignee could enforce a note that had been lost while in possession of the assignor and never recovered. The *Joslin* court concluded that, based on the statute's plain language, the entity suing on the note was precluded from recovering because it did not have possession of the note at the time it was lost. *Id.* at 495. *Joslin* is not applicable in the present case because plaintiff was in possession of the note through its agent at the time the note was lost.

¶ 28    As to Nevel's credibility, Michelle fails to establish that this was a basis to grant her motion to strike the affidavit. While she attacked his credibility, she failed to provide evidence that the statements in his affidavit were untrue. She alleged that he was not credible because the original lender allegedly altered the mortgage before it was recorded. However, Michelle failed to provide any evidence to substantiate this claim. Moreover, as this case was resolved based on an equitable lien and mortgage, the alleged forgery, which affected whether she was a borrower on the mortgage or just signed to waive homestead rights, was ultimately irrelevant to the resolution of this case. Accordingly, the trial court did not err when it denied Michelle's motion to strike the lost note affidavit.

¶ 29    Michelle's fourth and seventh contentions on appeal are that the trial court erred in denying her September 2022 and April 2023 motions for sanctions under Illinois Supreme Court Rule 219(c) (eff. July 1, 2002) based on the alleged forgery of the note and the loss of the original note. Rule 219(c) authorizes a trial court to prescribe sanctions when a party fails to comply with the trial court's orders regarding discovery. Ill. S. Ct. R. 219(c). Noncompliance is sanctionable

"when the actions of the offending party show a deliberate, contumacious or unwarranted disregard of the court's authority." *Martzaklis v. 5559 Belmont Corp.*, 157 Ill. App. 3d 731, 737 (1987). The imposition of discovery sanctions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 620-21 (2007).

¶ 30    The trial court did not err in denying Michelle's motions for sanctions. The basis of the September 2022 motion for sanctions was Michelle's allegation that the mortgage was altered to list her as a borrower rather than listing her only as married to Benjamin. She also asserted that the legal description on the property was altered. The trial court did not err in denying this motion because it did not allege a discovery violation or any violation of the trial court's orders. Further, Michelle failed to provide any evidence to establish that the mortgage was forged or did not apply to the property at issue. It was Michelle's burden to prove the alleged forgery. See, *e.g.*, *Bayview Loan Servicing, L.L.C. v. Nelson*, 382 Ill. App. 3d 1184, 1185-88 (2008) (summary judgment was improperly granted in the plaintiff's favor where defendant satisfied his burden of proving that the plaintiff was not the assignee of the mortgage). Moreover, prior to Michelle filing her motion, the trial court had granted summary judgment on plaintiff's claim for equitable lien and equitable mortgage. Thus, the alleged alterations to the mortgage were not a determining factor in the foreclosure action. Michelle's April 2023 motion for sanctions was based on the loss of the original note. The trial court found that this was not sanctionable conduct because production of the original note was not a required element of a foreclosure complaint. We agree. See *Korzen*, 2013 IL App (1st) 130380, ¶ 26. For these reasons, the trial court did not abuse its discretion in denying the motions for sanctions.

¶ 31    Michelle's fifth contention on appeal is that the trial court lacked subject matter and personal jurisdiction over her in this case.  With respect to personal jurisdiction, the Foreclosure Law provides that a party must challenge such jurisdiction within 60 days of either the date she first files an appearance or the date she first participates in a hearing without filing an appearance, whichever is earlier.  735 ILCS 5/15-1505.6(a) (West 2022).  "The failure to do so results in the waiver of any objection to personal jurisdiction."  *Wells Fargo Bank, National Association v. Roundtree*, 2018 IL App (1st) 172912, ¶ 13.  In this case, Michelle filed her appearance through her attorney on March 27, 2017, and there is no indication in the record that she participated in a hearing prior to filing this appearance.  Thus, she was required to challenge personal jurisdiction within 60 days of the appearance.  She failed to do so and any objection to personal jurisdiction is waived.  *Id.*

¶ 32    As to subjection matter jurisdiction, Michelle notes that section 15-1207 of the Foreclosure Law (735 ILCS 5/15-1207 (West 2022)) defines a mortgage as a "consensual lien" that grants an interest in real estate to secure a debt and that, because she never granted a consensual lien against her interest in the property, the trial court lacked subject matter jurisdiction as the court only had jurisdiction conferred on it by statute.  This argument has no merit.  Michelle cites *In re M.M.*, 156 Ill. 2d 53, 65 (1993) for the proposition that subject matter jurisdiction can be limited by statute.  This law is outdated.  Under present law, "[w]ith the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution."  *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002).  "Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must [merely] present a justiciable matter."  *Id.*  Subject matter jurisdiction is present if the alleged claim

falls within the general class of cases that the circuit court has inherent power to hear. *Id.* There is no doubt that courts have the inherent power to hear and determine foreclosure cases. *Cf. Belleville Toyota*, 199 Ill.2d at 340 (claim under statute was justiciable matter).

¶ 33    Michelle's sixth contention on appeal is that the trial court erred when it granted summary judgment on plaintiff's claim for equitable lien and equitable mortgage. Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). Summary judgment is a drastic measure and should be granted only if the movant's right to judgment is clear and free from doubt. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Thus, summary judgment should be denied when a reasonable person could draw divergent inferences from undisputed facts. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). A reviewing court's function is to determine whether a genuine issue of fact was raised and, if none was raised, whether judgment was proper as a matter of law. *American Family Mutual Insurance Co. v. Page*, 366 Ill. App. 3d 1112, 1115 (2006). In doing so, we construe the evidence strictly against the movant and in the light most favorable to the nonmovant. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). We review *de novo* the entry of summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 34    "The imposition of an equitable lien is a remedy for a debt that cannot be legally enforced, but which ought in right and fairness to be recognized." *CitiMortgage, Inc. v. Parille*, 2016 IL App (2d) 150286, ¶ 33. "[I]f an agreement sufficiently manifests that specific property is intended to serve as security for a debt, then an equitable lien may be imposed on the property so identified."

*LaSalle National Trust, N.A. v. Village of Westmont*, 264 Ill. App. 3d 43, 75 (1994). The elements of an equitable lien are:

"(1) a debt, duty, or obligation defendant owed to plaintiff and (2) the existence of a *res* that, in some way, is particularly related to the debt or obligation. *** [A]n equitable lien may be found either (1) where the parties expressed in writing their intention to make real property, personal property, or some fund the security for a debt but did not use express lien language or (2) where considerations of fairness and justice would require imposing a lien even without an express agreement between the parties." *Paliatka v. Bush*, 2018 IL App (1st) 172435, ¶ 28.

¶ 35    Moreover, as stated by this court:

" '[e]very express executory agreement in writing by which contracting parties sufficiently indicate an intention to make a particular property therein described or identified a security for a debt, or by which instrument the party promises to convey or assign property as security, creates an equitible [*sic*] lien or mortgage on the property so described or indicated which is enforceable against such property.' (27 Ill. L. & Prac. Mortgages § 22, at 109 (1956). See also R. Kratovil & R. Werner, Real Estate Law § 570, at 229 (7th ed. 1979) (hereinafter Real Estate Law) (stating the general rule as being that any written instrument by which the parties intend that real estate be held as security for the payment of a debt constitutes an equitable mortgage).) Express words are not necessary to create an equitable mortgage; the only requirement is that it clearly appear from the document that the parties intended that an identifiable parcel of property 'be held, given or transferred as security' for the payment of a debt." *First Illinois National Bank v. Hans*, 143 Ill. App. 3d 1033, 1036 (1986) (quoting *Hibernian Banking Association v. Davis*, 295 Ill. 537, 544 (1920)).

¶ 36    In the present case, the trial court did not err in granting summary judgment on plaintiff's claims for an equitable lien and equitable mortgage.  Regardless of whether Michelle was a named borrower on the mortgage or was merely mentioned as Benjamin's spouse, the note and mortgage clearly show that the lender loaned money to Benjamin to purchase the home and that Benjamin granted the lender a mortgage interest, and right to foreclose, if he defaulted on the loan.  The real property at issue was clearly a *res* that was particularly related to the debt.  In exchange for the loan and mortgage, Benjamin and Michelle were granted a special warranty deed conveying the property to them.  There is no indication in the note or mortgage that the lender was only taking a one-half interest in the home as security for the loan.  The evidence of record establishes that plaintiff is the legal holder of the indebtedness as the mortgage was assigned to plaintiff and the note was endorsed in blank.  Although Michelle was granted possession of the home in the divorce proceedings and Benjamin was made liable for the debt, this in no way extinguished plaintiff's rights or its mortgage interest in the home.  The modified dissolution judgment acknowledged that there was a note and mortgage on the property.  Moreover, plaintiff was not a party to the divorce proceedings and the trial court had no power to determine its interests.  See *In re Custody of Ayala*, 344 Ill. App. 3d 574, 586 (2003) (due process of law requires that a party whose interest is at stake must be accorded procedural fairness and be given notice and an opportunity to be heard).  It would be contrary to notions of fairness and justice to allow Michelle to deprive plaintiff of the security interest that, per the parties' intentions, it clearly possessed.  See *Paliatka*, 2018 IL App (1st) 172435, ¶ 28.  As Michelle failed to establish any genuine issues of material fact, we affirm summary judgment on plaintiff's claims for an equitable lien and mortgage.

¶ 37    Michelle's eighth and final contention on appeal is that the trial court erred in granting summary judgment on plaintiff's motion for a judgment of foreclosure and sale.  In light of our

determination that plaintiff was entitled to summary judgment on its claims for equitable lien and mortgage, we also find no error in the trial court's entry of summary judgment on the claim for foreclosure and sale. Upon review of the record, there is no factual issue or affirmative matter that would preclude summary judgment. Benjamin clearly defaulted on the note and plaintiff had the right to foreclose on the equitable lien and mortgage. Moreover, Michelle has failed to provide a cohesive legal argument or cite any relevant authority to support the proposition that there was any error. Other than citing a case for the proposition that the trial court should have entered a Rule 304(a) finding to the judgment for foreclosure and sale, Michelle cites no other authority. It is well settled that a reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited. A reviewing court is not a depository in which the appellant may dump the burden of argument and research. *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Illinois Supreme Court Rule 341(h)(7) (eff.Sept.1, 2006) requires that arguments raised on appeal be supported by citation to authority. "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Supreme Court Rule 341(h)(7) and is, therefore, waived." *In re Lieberman*, 379 Ill.App.3d 585, 610 (2007). Accordingly, Michelle's final contention is not only without merit but also forfeited.

¶ 38                                    III. CONCLUSION

¶ 39    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 40    Affirmed.